# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAEDALUS PRIME LLC AND INTEL CORP.,<br>　　　　　Defendants. | C.A. No. 22-cv-1647-MN |

## DEFENDANT DAEDALUS PRIME LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS

Dated: February 24, 2023

Michael T. Renaud (*Pro Hac Vice*)
Adam S. Rizk (*Pro Hac Vice*)
Suparna Datta (*Pro Hac Vice*)
MINTZ LEVIN COHN FERRIS
　GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111
Phone: (617) 542-6000
Fax: (617) 542-2241
mtrenaud@mintz.com
arizk@mintz.com
sdatta@mintz.com

Peter F. Snell (*Pro Hac Vice*)
MINTZ LEVIN COHN FERRIS
　GLOVSKY & POPEO PC
Chrysler Center
666 Third Avenue
New York, NY 10017
Phone: (212) 935-3000
Fax: (212) 983-3115
pfsnell@mintz.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
mfarnan@farnanlaw.com

*Attorneys for Defendant Daedalus Prime LLC*

## TABLE OF CONTENTS

<u>Page</u>

I. INTRODUCTION ..................................................................................................................1
II. SUMMARY OF ARGUMENT ............................................................................................1
III. BACKGROUND ...................................................................................................................2
IV. LEGAL STANDARD ............................................................................................................5
    A. The First-to-File Rule ...............................................................................................5
    B. Discretionary Stay ....................................................................................................8
    C. Declaratory Judgment Jurisdiction ..........................................................................9
V. ARGUMENT .......................................................................................................................10
    A. This Case Should be Dismissed or Stayed Pursuant to the First-to-File Rule ...................................................................................................................................10
    B. The Court Should Stay this Case under its Discretionary Authority .....................11
    C. The Court Should Dismiss this Case to the Extent it seeks Declaratory Relief with Respect to Patents for which there is no "Case or Controversy." ..................................................................................................................................14
VI. CONCLUSION ....................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aliphcom v. Fitbit, Inc.*,
  154 F. Supp. 3d. 933 (N.D. Cal. 2015) ............................................................................... 8, 13

*Alphicom v. Fitbit, Inc.*,
  2015 U.S. Dist. LEXIS 173078 (N.D. Cal. Dec. 30, 2015) ..................................................... 3

*Communications Test Design, Inc. v. Contec, LLC*,
  952 F.3d 1356 (Fed. Cir. 2020) .......................................................................................... 6, 7

*CRU Acquisition Group LLC. V. MyKey Technology Inc.*
  2012 WL 441293 (W.D. Wash., Feb. 10, 2012) ................................................................ 7, 10

*E.E.O.C. v. University of Pennsylvania*,
  850 F.2d 969 (3d. Cir. 1988) ............................................................................................... 5, 7

*Elpida Memory, Inc. v. Intellectual Ventures I LLC*,
  2012 WL 3728607 (D. Del., Aug. 28, 2012) ..................................................................... 7, 10

*Futurewei Technologies, Inc. v. Acacia Research Group*,
  737 F.3d 704 (Fed. Cir. 2013) .............................................................................................. 5, 6

*Google Inc. v. Creative Labs, Inc.*,
  2016 WL 6947564 (N.D. Cal., Nov. 28, 2016) .................................................................. 9, 14

*Graphic Props. Holdings v. Toshiba Am. Info., Sys.,* 2014 WL 923314 (D.Del.,
  March 5, 2014) ........................................................................................................................ 8

*Iljin USA v. NTN Corporation*,
  2006 WL 568351 (E.D. Mich., March 7, 2006) .................................................................... 12

*In re Nitro Fluids LLC*,
  978 F.3d 1308 (Fed. Cir. 2020) ............................................................................................... 7

*Landis v. North Am. Co.*,
  299 U.S. 248 (1936) ........................................................................................................... 8, 11

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................................................. 9

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012) ..................................................................................... 2, 5, 10

*Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*,
    2011 WL 5523315 (D. Del. Nov. 14, 2011) ........................................................................8

*New Balance Athletic Shoe, Inc. v Converse, Inc.*
    86 F. Supp. 3d 35 (D. Mass. 2015) .................................................................8, 9, 12, 13

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007) ..........................................................................................9

*Serco Services Co. LP v. Kelley Co., Inc.*,
    51 F.3d 1037 (Fed. Cir. 1995) ............................................................................................7

*Shire US, Inc. v. Johnson Mathey, Inc.*,
    543 F. Supp. 2d 404 (E.D. Pa. 2008) ............................................................................6, 10

*Time Warner Cable v. USA Video Technology Corp.*,
    520 F. Supp. 2d 579 (D. Del. 2007) ..............................................................................6, 10

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*,
    193 F. Supp. 3d 345 (D. Del. 2016) ..............................................................................8, 12

*Zenith Electronics LLC v. Sony Corp.*,
    2011 WL 2982377 (N.D. Cal. July 22, 2011) ..................................................................12

**Statutes**

Tariff Act of 1930, 19 U.S.C. § 1337 ..............................................................................2, 3

28 U.S.C. § 1659 ..............................................................................................3, 8, 12

Declaratory Judgment Act, 28 U.S.C. § 2201(a) ............................................................9

**Other Authorities**

19 CFR § 210.18(a) ......................................................................................................4, 13

19 C.F.R. § 210.10(b)(3) .................................................................................................3

Federal Rule of Civil Procedure 12(b) ............................................................................1

**I.      INTRODUCTION**

This case involves a Complaint for Declaratory Judgment of a Patent License filed by Plaintiff Taiwan Semiconductor Manufacturing Company Limited ("TSMC"), naming as Defendants Daedalus Prime LLC ("Daedalus") and Intel Corp. ("Intel"). The Complaint seeks a declaration that TSMC is licensed to certain patents, including but not limited to patents that are currently being asserted against TSMC by Daedalus. Defendant Daedalus hereby moves pursuant to Federal Rule of Civil Procedure 12(b) for dismissal, or in the alternative a stay of these proceedings, pursuant to the "first-to-file" rule and/or the court's inherent authority to control its docket. Daedalus further moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for dismissal of the Complaint to the extent that it seeks declaratory relief regarding patents that have not been asserted against TSMC, because there is no actual "case or controversy" with respect to those patents.

**II.     SUMMARY OF ARGUMENT**

This case should be dismissed in its entirety pursuant to the first-to-file rule as articulated by the Federal Circuit:

> When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action.
>
> *Futurewei Technologies, Inc. v. Acacia Research Group*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

This declaratory action "overlaps" with an earlier filed patent infringement suit filed by Daedalus against TSMC (and others) in the Eastern District of Texas ("EDTX") (and in a parallel ITC Section 337 investigation). Specifically, this action seeks a declaration that TSMC is licensed to certain patents asserted against TSMC by Daedalus. This license defense can and will be

litigated in EDTX (and in fact is currently being litigated in the parallel ITC matter). To "avoid conflicting decisions and promote judicial efficiency," this case should be dismissed or stayed. *Merial Ltd.,* 681 F.3d at 1299 (explaining the purpose of the first-to-file rule).

Alternatively, and independent of the "first-to-file" rule, this case should be stayed under the court's discretionary authority to issue a stay where warranted for reasons of comity and fairness to the parties. TSMC and its co-Respondents are actively litigating the same license issue at the ITC. Allowing TSMC to litigate this dispute here as well would unfairly impose redundant discovery obligations in two forums, unnecessarily burden this Court, and potentially result in inconsistent results. A stay would cause no unfair prejudice to TSMC, because it can litigate its license defense at the ITC. In the unlikely event that issues raised in this matter are not decided at the ITC, they can be resolved here after the stay is lifted.

Finally, to the extent that the Complaint seeks declaratory relief with respect to patents that are not asserted against TSMC, *see* Complaint, ¶ 113 and Request for Relief B (seeking a declaration that TSMC is licensed to "Assigned Patents that are Specified Patents, *including* the Asserted Patents") (emphasis added), the case should be dismissed for lack of subject matter jurisdiction because there is no "case or controversy" with regard to non-asserted patents.

### III. BACKGROUND

On September 12, 2022, Daedalus filed a complaint alleging patent infringement against TSMC and two Samsung entities[1] in the Eastern District of Texas ("EDTX"). *See* Exhibit 1 (EDTX Complaint). On the same date, Daedalus filed a complaint with the United States

---

[1] The Samsung defendants in both the EDTX and the ITC are Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., which are collectively referred to herein as "Samsung."

2

International Trade Commission ("ITC") against TSMC[2] and Samsung under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, alleging infringement of some of the same patents asserted in the EDTX complaint (hereinafter referred to as the "Asserted Patents"). *See* Exhibit 2 (ITC Complaint).

On October 28, 2022, Defendant Samsung moved, pursuant to 28 U.S.C. § 1659(a) and without opposition from TSMC, for a stay of the EDTX lawsuit pending the outcome of the ITC Investigation. Section 1659(a) provides for a mandatory stay of a District Court proceeding if requested by a defendant named as a respondent in a parallel ITC proceeding. This statute reflects Congressional recognition of "the substantial inefficiency inherent in conducting district court and ITC litigation concurrently regarding the same patents." *Alphicom v. Fitbit, Inc.*, 2015 U.S. Dist. LEXIS 173078, at *4 (N.D. Cal. Dec. 30, 2015). The stay motion was granted on November 1, 2022. *See* Exhibit 3 (EDTX Order granting stay). No defendant in the EDTX case has filed an answer or any other substantive pleadings.

The ITC's Rules provide for the possibility of an early disposition of discrete issues, under its so-called 100-day program. *See* 19 C.F.R. § 210.10(b)(3). Prior to institution of the investigation, TSMC filed a request seeking to use that program to address its assertion of an express license. *See* Exhibit 4 (TSMC request for inclusion in 100-day program). The ITC denied this request, however, on the grounds that resolution of the asserted license defense would not be dispositive of the entire investigation "because it is relevant to only a subset of the proposed respondents." *See* Exhibit 5 (ITC Order denying inclusion in "Early Disposition Program"). Notwithstanding this denial of TSMC's request for use of the ITC's early disposition program,

---

[2] The ITC Complaint names both TSMC and TSMC North America as proposed respondents. When used herein in connection with the ITC 1336 Investigation, "TSMC" refers to both entities.

nothing prevents TSMC from moving for a summary determination on its license defense at any time. *See* 19 CFR § 210.18(a) (a respondent may move for summary determination on any issue at any time after publication of the notice of investigation).

Based on Daedalus's complaint, the ITC instituted Investigation No. 337-TA-1336 (the "1336 Investigation") on October 14, 2022. *See* Exhibit 6 (ITC Notice of Investigation). The Commission assigned the 1336 Investigation to an Administrative Law Judge ("ALJ"), who set a "target date" for completion of the investigation of approximately 18 months from the date of institution. *See* Ex. 7 (Initial Determination Setting Target Date). The ALJ then issued a comprehensive procedural schedule, setting a Markman hearing for April 10, 2023, and the full-blown evidentiary hearing to begin on September 11, 2023. *See* Exhibit 8 (Scheduling Order).

On November 21, 2022, TSMC filed its response to the ITC complaint, pleading, among other things, an affirmative defense that it is licensed to the Asserted Patents. *See* Exhibit 9 (TSMC Response to ITC Complaint). Specifically, TSMC alleges that Intel Corp. gave TSMC a license to the Asserted Patents before transferring the Asserted Patents to Daedalus, and Daedalus took the Asserted Patents subject to those licenses. *See id.* at p.32 (First Affirmative Defense: License). To date, TSMC has not filed a motion seeking a ruling on its license defense, but discovery relating to that issue is active and ongoing, with TSMC having served 10 Interrogatories, 11 Requests for Production, and 206 Requests for Admissions relating to its license defense. *See* Declaration of Adam S. Rizk ¶ 12.

TSMC filed the instant Complaint for Declaratory Judgment of a Patent License in this Court on December 30, 2022, more than three months after Daedalus's EDTX and ITC complaints were filed, and more than two months after the 1336 Investigation was instituted at the ITC. In addition to Daedalus, the Complaint names Intel, the prior owner of the patents at issue and the

4

alleged source of the license asserted by TSMC, as a Defendant. The Complaint, in essence, seeks a determination that TSMC is licensed to the patents that Daedalus owns and has asserted against TSMC in EDTX and at the ITC. *See* Complaint, ¶ 46. The Complaint also includes, however, a request for relief regarding other, non-asserted patents. *See* Complaint, ¶ 113 and Request for Relief B (seeking a declaration that TSMC is licensed to "Assigned Patents that are Specified Patents, *including* the Asserted Patents") (emphasis added).

## IV.   LEGAL STANDARD

### A.   The First-to-File Rule

Under the well-established "first-to-file" rule, when "similar cases [are filed] in different federal district courts," "the court which first has possession of the subject must decide it." *EEOC v. Univ. of Penn.*, 850 F.3d 969, 971 (3d. Cir. 1988) (citations omitted). The first-to-file rule "exists to 'avoid conflicting decisions and promote judicial efficiency.'" *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed.Cir. 2012).

If the first-filed case involves claims of patent of infringement, the determination of whether a second-filed declaratory judgment action should proceed is governed by Federal Circuit law, pursuant to that court's exclusive jurisdiction over patent cases. *See Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). The Federal Circuit has summarized the first-to-file rule as follows:

> When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action.
>
> *Futurewei*, 737 F.3d at 708 (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed.Cir. 2012).

"Application of the first-to-file rule is generally a matter for a district court's discretion … within governing legal constraints." *Id*.  When one of the "competing suits … is a declaratory judgment action, districts courts enjoy a 'double dose of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when … applying the first-to-file rule." *Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1363 (Fed. Cir. 2020).

The first-to-file rule does not require identical parties between the first- and second-filed cases. *See Futurewei* at 707 ("the first-to-file rule … 'permits a district court to decline jurisdiction when a complaint involving *substantially similar* parties and issues has already been filed in another district court.'") (quoting underlying District Court decision) (emphasis added).  Indeed, "[t]his court has held that the first-filed action is determined by 'which court first obtains possession of the subject of the dispute, not the parties of the dispute.'" *Time Warner Cable v. USA Video Technology Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (dismissing second-filed declaratory action in favor of first-filed infringement case notwithstanding the presence of a different party in the second-filed case) (citations omitted); s*ee also Shire US, Inc. v. Johnson Mathey, Inc.*, 543 F. Supp. 2d 404 (E.D. Pa. 2008) ("courts within and outside this [Third] Circuit have found no requirement that the parties in the concurrent actions be the same in order for the first-to-file rule to apply. …  [D]istrict courts deciding patent actions in this Circuit repeatedly have stated that the rule hinges on which court first takes possession of the subject of the dispute, and not necessarily the parties to it.") (citations omitted).

Exceptions to the "first-to-file" rule have been recognized "if justified by 'considerations of judicial and litigant economy, and the just and effective disposition of disputes.'" *Futurewei* at 708, quoting *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (internal quotation marks omitted).  For example, courts have the discretion to depart from the rule and

6

dismiss a "first-filed" declaratory action in favor of a later-filed infringement suit if the declaratory action was "anticipatory" in nature and the later-filed forum is more convenient for the parties and witnesses.  *See, e.g., Serco Services Co. LP v. Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995) (affirming dismissal of first-filed declaratory action filed in anticipation of an infringement lawsuit, where the later suit's forum was determined to be more convenient); *accord Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020) (finding no abuse of discretion in dismissal of first-filed declaratory judgment action).  The burden of showing that a departure from the first-to-file rule is warranted is on the party seeking to avoid application of the rule.  *See In re Nitro Fluids LLC*, 978 F.3d 1308, 1311-12 (Fed. Cir. 2020) (on mandamus petition, vacating district court order denying transfer of second-filed case for applying incorrect legal standard);  *see also EEOC. v. Univ. of Penn.*, 850 F.2d 969, 979 (3d. Cir. 1988) ("[c]ourts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule.").

      The fact that the first-filed District Court case has been stayed in favor of a parallel ITC investigation does not present grounds for departing from the first-to-file rule.  To the contrary, courts, including this court, have applied the first-to-file rule in exactly this situation.  *See Elpida Memory, Inc. v. Intellectual Ventures I LLC*, 2012 WL 3728607 (D. Del., Aug. 28, 2012) (dismissing "second-filed" declaratory judgment action in light of first-filed Washington D.Ct. case and parallel ITC investigation); *CRU Acquisition Group LLC. V. MyKey Technology Inc.* 2012 WL 441293 at *2 (W.D. Wash., Feb. 10, 2012) (dismissing declaratory action without prejudice because of first-filed case in Delaware District Court, which was stayed due to a parallel ITC investigation; "a departure from the first-to-file rule would be inefficient, a waste of judicial resources, and would run the risk of inconsistent results").

### B. Discretionary Stay

Independent of the first-to-file rule, a district court has discretion to stay litigation under its inherent power to control its own docket. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a discretionary stay, a court typically considers:

> (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.,* 193 F. Supp. 3d 345, 348 (D. Del. 2016). "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

Courts have used this discretionary stay authority in circumstances where there is only partial overlap between claims asserted in court and at the ITC. For example, in *Graphic Props. Holdings v. Toshiba Am. Info., Sys.*, this Court issued a "mandatory" stay pursuant to 28 U.S.C. § 1659 with respect to two patents that were asserted both in District Court and at the ITC, and then exercised its discretion to stay proceedings with regard to a third patent which was not involved in the ITC investigation. 2014 WL 923314 at *2 (D. Del. Mar. 5, 2014) (finding that the discretionary stay posed no threat of undue prejudice to the non-movant, simplified the issues, and caused no clear tactical advantage for the movant). This discretionary authority to stay litigation has been exercised even where the *plaintiff* in an infringement action sought to stay its own District Court case after filing a parallel ITC Complaint. *See Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d. 933 (N.D. Cal. 2015).

More relevant to the instant case, courts have used their inherent authority to stay declaratory judgment actions where the relief sought overlapped with the subject matter of an

8

ongoing ITC Investigation. For example, in *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, New Balance sought a declaration that its shoes did not infringe Converse's asserted trademark, as well as cancellation of that trademark. 86 F. Supp. 3d 35 (D. Mass. 2015). The issues raised in the declaratory action were currently being litigated in an ITC investigation initiated by Converse.[3] The court determined that it would not "engage in a headlong race to address the same issues" that were before the ITC. *Id*. at 37; *see also Google Inc. v. Creative Labs*, *Inc.,* 2016 WL 6947564, (N.D. Cal., Nov. 28, 2016) (staying declaratory action in light of ongoing ITC investigation involving the same patent).

      C.      **Declaratory Judgment Jurisdiction**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). To satisfy the case or controversy requirement in the declaratory judgment context, the parties' dispute must be "'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (alteration in original) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). "[D]eclaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without

---

[3] New Balance was not originally named as a Respondent in the ITC investigation, but requested and was granted leave to intervene as a party at the ITC.

9

some affirmative act by the patentee." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007).

V.     **ARGUMENT**

      A.     **This Case Should be Dismissed or Stayed Pursuant to the First-to-File Rule**

The primary subject matter of this declaratory judgment action, namely whether TSMC is licensed to certain patents owned and asserted by Daedalus against TSMC in EDTX and the ITC, substantially overlaps with the subject matter of those earlier-filed cases, because TSMC's license defense can and presumably will be litigated in those forums.  TSMC has asserted an affirmative defense at the ITC based on an alleged license to the Asserted Patents and is pursuing discovery relating to that defense, and presumably would pursue that same defense in EDTX if and when the stay of that case is lifted.  This action, therefore, falls squarely within the "first-to-file" rule, and should be dismissed or stayed, "to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).  The stay of the EDTX case is not a basis for departing from the first-to-file rule.  *See, e.g.*, *Elpida Memory, Inc. v. Intellectual Ventures I LLC*, 2012 WL 3728607 (D. Del., Aug. 28, 2012) (dismissing "second-filed" declaratory judgment action in light of first-filed Washington D.Ct. case and parallel ITC investigation); *CRU Acquisition Group LLC. V. MyKey Technology Inc.* 2012 WL 441293 (W.D. Wash., Feb. 10, 2012) (dismissing declaratory action without prejudice because of first-filed case in Delaware, which was stayed due to a parallel ITC investigation).

The presence of Intel as a defendant in this action is also not a reason to depart from the first-to-file rule.  The application of the rule depends on the subject matter of the dispute, not the presence of identical parties.  *See Time Warner Cable v. USA Video Technology Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (dismissing second-filed declaratory action in favor of first-filed infringement case notwithstanding the presence of a different party in the second-filed case); *Shire*

10

*US, Inc. v. Johnson Mathey, Inc.*, 543 F. Supp. 2d 404 (E.D. Pa. 2008) ("courts within and outside this [Third] Circuit have found no requirement that the parties in the concurrent actions be the same in order for the first-to-file rule to apply").

The subject matter of the dispute here is whether TSMC is licensed to patents (undisputedly) owned by Daedalus. TSMC has no claim for relief against Intel that is not subordinate to its dispute with Daedalus. *See, e.g.,* Complaint, Request for Relief 5 (seeking injunctive barring Intel from assisting any person asserting that TSMC is not licensed to the Asserted Patents). Intel, as the transferor of the Asserted Patents to Daedalus and the alleged licensor of TSMC, may possess information relevant to that dispute, but its presence *as a party* is not essential for resolving that dispute. Indeed, TSMC itself has not asserted that Intel is a necessary party for resolution of its license defense. To the contrary, TSMC expressly requested that its license defense be adjudicated at the ITC in an expedited manner, making it clear that TSMC believes that the ITC can resolve the issue without Intel's presence as a party. *See* Exhibit 4. TSMC is in fact actively litigating the license issue at the ITC. *See* Declaration of Adam S. Rizk ¶ 12. The presence of Intel as a party in this case, therefore, does not provide a rationale for departing from the first-to-file rule.

This case should therefore be dismissed by application of the first-to-file rule. Alternatively, the court should stay this case pending final resolution of the 1336 Investigation and the EDTX litigation (which will in all likelihood render the claims asserted here moot).

**B.      The Court Should Stay this Case under its Discretionary Authority**

Even if this Court determines not to apply the first-to-file rule, it still has the discretionary authority to stay this declaratory judgment action, and it should do so, based on considerations of judicial efficiency and comity:

11

> Every court is vested is vested with the power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)

Courts have noted that "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Zenith Electronics LLC v. Sony Corp.*, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011) (citing H.R. Rep. No. 103-826(I), at 141 (after granting mandatory stay under § 1659(a), "[t]he district court may use its discretionary authority to stay any other claims in the action before it")). The rationale for a stay here is strong, because the relief sought in this case is not merely "related to an action before the ITC," but duplicative of a defense asserted there.

Courts consider several factors in weighing the appropriateness of a stay, including "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.,* 193 F. Supp. 3d 345, 348 (D. Del. 2016). Here, these factors weight heavily in favor of a stay.

First, a stay will likely not merely "simplify" the issues for trial in this case, but eliminate the need for a trial altogether, as the substance of the license defense will be resolved at the ITC (with the right of appeal to the Federal Circuit). *See, e.g. New Balance Athletic Shoe, Inc. v Converse, Inc.* 86 F. Supp. 3d 35 (D. Mass. 2015) (granting stay of declaratory judgment action concerning issues likely to be resolved at the ITC); *accord Iljin USA v. NTN Corporation*, 2006

WL 568351 (E.D. Mich., March 7, 2006) (staying declaratory action in light of previously filed and ongoing ITC investigation).

Second, the ITC Investigation is moving expeditiously, with discovery well under way (including discovery relating to TSMC's license defense) and an evidentiary hearing scheduled for September, 2023.  In contrast, nothing of substance has yet occurred in this Court.  Under these circumstances, it would be wasteful of judicial resources for this Court to "engage in a headlong race to address the same issue" that is before the ITC.  *New Balance* at 37.

Counsel for TSMC has expressed the view that an expedited summary judgment ruling on the license issue would be the most efficient way to resolve the dispute. However, TSMC omits that it could have opposed the stay in the EDTX action and moved for summary judgment there prior to the entry of the stay.  TSMC's claimed desire for an expedited resolution are further belied by its resistance to providing confirmation that TSMC will forgo discovery on the license issue at the ITC in favor of proceeding at this Court, or that TSMC is willing to drop its license defense at the ITC in the event it fails to prevail on summary judgment here.  *See* Exhibit 10 and Declaration of Adam Rizk, ¶ 11.  Instead, TSMC is aggressively pursuing discovery at the ITC on the license issue, having served 10 Interrogatories, 11 Requests for Production, and 206 Requests for Admissions at the ITC relating to its license defense, and recently threatening to raise its concerns regarding alleged deficiencies in Daedalus's responses with the ALJ.  *See* Declaration of Adam S. Rizk ¶ 12.  Moreover, nothing prevents TSMC from seeking a resolution of the license defense issue at the ITC by way of a summary determination motion. *See* 19 CFR § 210.18(a) (a respondent may move for summary determination on any issue at any time after publication of the notice of investigation).  Daedalus respectfully disagrees that allowing this case to proceed in parallel with the ITC would by efficient or cost-effective.

13

Finally, even assuming, in the absence of a stay, that this Court could resolve the license issue more expeditiously than the ITC, which is highly questionable, any resulting delay would not cause any undue prejudice to TSMC. TSMC alleges in cursory fashion that Daedalus's continued denial of TSMC's alleged license rights is harming TSMC, *See* Complaint ¶ 105, but "[c]ourts … are generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom*, 154 F. Supp. 3d at 938 (rejecting claim of harm arising from the "cloud of a federal court lawsuit"); accord *Google Inc. v. Creative Labs*, 2016 WL 6947564 at *2 ("Google has failed to 'adequately articulate' the harm allegedly cause by the 'litigation cloud' allegedly lingering over" its product). TSMC also complains about having to provide discovery of "proprietary designs" at the ITC, Complaint ¶ 106, but such discovery is subject to a strict ITC protective order, leaving TSMC's claim of harm speculative at best.

Denying a stay, on the other hand, would be unfair to Daedalus (and likely Intel), as well as wasteful of the Court's resources. For example, if this matter goes forward, TSMC will be able to pursue discovery from Daedalus and Intel in parallel with discovery efforts already underway at the ITC. Moreover, addressing the merits of the license defense in two distinct forums runs the risk of conflicting decisions. For reasons of comity and judicial economy, this case should be stayed, pending completion of the 1336 Investigation (which will likely render the claims asserted here moot).

    **C.**     **The Court Should Dismiss this Case to the Extent it seeks Declaratory Relief with Respect to Patents for which there is no "Case or Controversy."**

In the Complaint's "Jurisdiction and Venue" section, TSMC states that "TSMC seeks a declaratory judgment that TSMC holds a license to the Asserted Patents …." Complaint, ¶ 46. The "Asserted Patents" are defined in the Complaint as the patents asserted against TSMC by Daedalus in EDTX and at the ITC. *See* Complaint, ¶¶ 22, 24. In its request for relief, however,

14

TSMC seeks broader relief, relating to patents that are not asserted against it by Daedalus. *See* Complaint, ¶ 113 and Request for Relief B (seeking a declaration that TSMC is licensed to "Assigned Patents that are Specified Patents, *including* the Asserted Patents") (emphasis added). The Complaint asserts no basis for the exercise of "case or controversy" jurisdiction over any patents other than the "Asserted Patents," and no such basis exists. Accordingly, this case should be dismissed for lack of declaratory judgment jurisdiction as to any claims for relief other than with respect to the "Asserted Patents."

## VI.   CONCLUSION

For the foregoing reasons, Daedalus respectfully requests that the Court apply the first-to-file rule to dismiss this action, or in the alternative, stay this action by application of the first-to-file rule or its general discretionary authority. The Court should also dismiss all claims for relief regarding patents other than the Asserted Patents for lack of subject matter jurisdiction.

Dated: February 24, 2023

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Michael T. Renaud (*Pro Hac Vice*)
Adam S. Rizk (*Pro Hac Vice*)
Suparna Datta (*Pro Hac Vice*)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111

15

Phone: (617) 542-6000
Fax: (617) 542-2241
mtrenaud@mintz.com
arizk@mintz.com
sdatta@mintz.com

Peter F. Snell (*Pro Hac Vice*)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO PC
Chrysler Center
666 Third Avenue
New York, NY 10017
Phone: (212) 935-3000
Fax: (212) 983-3115
pfsnell@mintz.com

*Attorneys for Defendant Daedalus Prime LLC*