IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  22-cv-01647 (MN)(JLH) |
| DAEDALUS PRIME LLC AND INTEL CORP., | ) ) | |
| Defendants | | |

## **ORDER**

At Wilmington, this 3rd day of August 2023;

WHEREAS, on July 5, 2023, Magistrate Judge Hall held oral argument on Intel's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter (D.I. 28) and Daedalus's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter or, in the Alternative, Stay Proceedings (D.I. 19) and then read her ruling from the Bench (*see* Transcript ("Tr.") of July 5, 2023 Proceedings);

WHEREAS, also on July 5, 2023, Judge Hall issued a Report and Recommendation ("the Report") recommending (for the reasons stated on the transcript) that Intel's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter (D.I. 28) should be granted and that Daedalus's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter or, in the Alternative, Stay Proceedings (D.I. 19) should be granted-in-part and denied-in-part;

WHEREAS, on July 19, 2023, Plaintiffs filed objections (D.I. 45) to the Report's recommendation that Intel be dismissed from this action, and on August 2, 2023, Intel filed a response thereto (D.I. 49);

WHEREAS, in its Complaint (D.I. 1), Plaintiff alleges that it is licensed to four patents that Daedalus has asserted against Plaintiff in the Eastern District of Texas and in the ITC;

WHEREAS, Intel is not a party to the Texas or ITC proceeding;

WHEREAS, as the Report recognized (Tr. at 50), "[t]he parties do not dispute that Daedalus, not Intel, owned the patents listed in the June 2022 patent assignment agreement at the time this case was filed";

WHEREAS, the Report correctly concluded that Plaintiff "has not alleged that Intel has any patent rights or contractual rights or obligations that would be affected by the issuance of a declaration," and therefore "the parties do not have any legal adversity that would support the Court's subject matter jurisdiction over [Plaintiff's] request for a [declaratory judgment] against Intel." (Tr. at 51-52);

WHEREAS, there is no "live dispute" involving Intel about the "proper construction" of terms of the LOT agreement because Intel no longer has any ownership interest in Daedalus' patents, and therefore, no legal interest in the outcome of a dispute about whether Plaintiff has a license to those patents; and

WHEREAS, there is no case or controversy between Plaintiff and Intel with respect to the subject of this case.

THEREFORE, the Court having reviewed the transcript of the Oral Argument and the Report (D.I. 43), the objection (D.I. 45) and the response thereto (D.I. 49), and having considered *de novo* the objected-to portions of the Report, the relevant portions of the underlying motions (D.I. 28 and D.I. 19) and supporting documentation as well as the responses and replies thereto; and having also afforded reasoned consideration to any unobjected-to portions of the Report (*EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017)), IT IS HEREBY ORDERED

that, the Report (D.I. 43) is ADOPTED.  Intel's Motion to Dismiss for Lack of Jurisdiction Over

the Subject Matter (D.I. 28) is GRANTED and Daedalus's Motion to Dismiss for Lack of

Jurisdiction Over the Subject Matter or, in the Alternative, Stay Proceedings (D.I. 19) is

GRANTED-IN-PART and DENIED-IN-PART.  Specifically, as the Report recommended,

Daedalus's request to stay proceedings is granted, and the remainder of its motion is denied.


The Honorable Maryellen Noreika
United States District Judge